## L. M. GENTRY v. A. B. CALLAHAN.

*Deed—Execution Sale—Estoppel.*

1. A sheriff's deed passes only such interest as the execution debtor had at the time of the sale, and such debtor will not be estopped thereby to assert a title subsequently acquired.

2. Where the sheriff's deed recited a sale under execution prior to the acquisition of title by the judgment debtor, the purchaser acquired no title.

(*Flynn* v. *Williams*, 1 Ired., 509; *Badham* v. *Cox*, 11 Ired., 456; *Frey* v. *Ramsour*, 66 N. C., 466, and *Dail* v. *Freeman*, 92 N. C., 351, cited).

CIVIL ACTION, tried before *Shipp, Judge,* at Fall Term, 1885, of RUTHERFORD Superior Court.

The plaintiff brought this action to recover the land described in the complaint, and on the trial produced and relied upon evidence of title in him as follows:

1. A grant for the land in controvery from the State to Jonathan Pell, dated November 28th, 1792.

2. A deed from A. Irvin, sheriff of Rutherford county, to Jonathan Hampton, purporting on its face to be dated

April 15th, 1793, and reciting that the land was sold under execution against Jonathan Pell on October 11th, 1792, and also showed the execution.

3. The plaintiff then proved the heirs of Jonathan Hampton, and introduced a deed from them to Wm. Idler, and *mesne* conveyances to himself. proved the defendant in possession, and closed his case.

The defendant introduced no testimony.

The Court held that the grant being dated November 28th, 1792, and the sale under execution having taken place October 11th, 1792, and the recital in the deed being to that effect, as appears on its face, and the sheriff's deed being executed April 15th, 1793, that still the plaintiff could not recover, for that the sheriff's deed did not pass title to Jonathan Hampton.   In deference to the intimation of the Court as above, the plaintiff submitted to a judgment of nonsuit, and appealed.

*Messrs. J. B. Batchelor, John Devereux, Jr.,* (and *Mr. M. H. Justice* by brief,) for the plaintiff.
*Messrs. W. P. Bynum* and *J. A. Forney,* for the defendant.

MERRIMON, J., (after stating the case).   At the time the sheriff named sold the land in question to Hampton, Pell, the defendant in the execution, had no title thereto—so far as appears, he had a mere naked possession, and the deed of the sheriff only passed such interests in the land to the purchaser as Pell then had.   It is well settled, that a sheriff's deed operates to pass only such interest as the defendant in the execution under which the land is sold, had, at the time of the sale thereof.   Title acquired by him afterwards does not pass by the deed, nor is he estopped to assert his title subsequently acquired.   *Flynn* v. *Williams,* 1 Ire., 509 ; *Badham* v. *Cox,* 11 Ire., 456 ; *Frey* v. *Ransom,* 66 N. C., 466 ; *Dail* v. *Freeman,* 92 N. C., 351.

29

The execution debtor, Pell, obtained a grant from the State after the sale, and before the deed of the sheriff was in fact executed ; but this could not help the purchaser, because his deed had operative effect only as of the date of the sale. The *fieri facias* and levy of the same only related to the sale recited in the deed, and there is not the slightest evidence going to show that it was used for any purpose thereafter other than to return it to the office of the clerk of the Court according to law. *Badham* v. *Cox, supra.* Judgment affirmed.