BOARD OF COMMISSIONERS OF THE TOWN OF TAR-
BORO v. H. R. MICKS.

*" Connor's Act "—Deed, Registration of—Rights of Judgment Creditor Intervening between Date and Registration of Deed—Subrogation to Rights of Mortgagee.*

1. Under the provisions of " Connor's Act," (Ch. 147, Acts 1885), providing that no conveyance of land for more than three years shall pass title to any property as against the creditors of the grantor until the same is registered, the grantee in a deed executed by the grantor and deposited with the holder of a mortgage under an agreement between the latter and the grantee that it should not be registered until the payment of the purchase price, took subject to the lien of a judgment creditor of the grantor, whose judgment was rendered and docketed between execution and registration of the deed.

2. Where a deed was executed by B. to T., but was deposited with F., the holder of a prior mortgage on the land, with the understanding that it should not be registered until the purchase price was paid, which price, when paid, should be applied to the payment of the mortgage, such mortgage, when so paid, will not be kept alive for the benefit of the grantee in order to subrogate him to the rights of the mortgagee, which existed at the date of the deed, as against a judgment creditor of the grantor, whose judgment was obtained and docketed between the execution and registration of the deed.

3. In such case, the grantee is not entitled to have a sale under execution on such judgment enjoined, inasmuch as his right to compensation for betterments can be adjusted when the purchaser at the execution sale brings his action of ejectment.

CIVIL ACTION, pending in EDGECOMBE Superior Court, heard by consent before *Bryan, J., at Chambers*, in Newbern, N. C., on December 19, 1895. The injunction was refused, and the restraining order theretofore issued by *Brown, J.*, was dissolved, and plaintiff appealed. The facts appear in the opinion of Associate Justice MONTGOMERY.

*Mr. J. L. Bridgers,* for plaintiff (appellant).
*Messrs. Jacob Battle* and *Shepherd & Busbee,* for defendant.

MONTGOMERY, J.: This action was brought to have removed a cloud resting upon the title of a certain lot in the town of Tarboro, which the plaintiff alleges it owns free from incumbrance, and upon which the defendant claims to have a lien under a judgment of Edgecombe superior court. The defendant had issued an execution on the judgment, and the sheriff had advertised a sale of the lot to take place in December last. A motion for injunction against the sale was heard, after continuance, before *Judge Bryan, at Chambers*, on the 15th of December, 1895, the defendant having been restrained from selling under an order of *Judge Brown* until the application for injunction should be heard. *Judge Bryan* refused to grant the injunction, and set aside and vacated the former restraining order.

For the purpose of the motion for injunction, his Honor, upon the affidavits and complaint and answer, found as facts that on the 27th of December, 1887, for the price of $3,300, Battle Bryan and wife executed to the proper town

authorities of Tarboro a deed to the lot in question, upon which the town afterwards erected a handsome and commodious public hall; that the deed for the lot was deposited with O. C. Farrar, not to be registered until the purchase money should be paid; that at the date of the execution of the deed there was a mortgage on the lot executed by Bryan and wife to J. W. and W. L. Sherrard, securing a debt of about $2,500, and it was agreed between Bryan and the town authorities that the mortgage should be paid first when the town should pay the purchase money. His Honor also found that the Sherrard mortgage and debt were duly assigned to Farrar; that the town paid the whole of the purchase money at and before the 28th of December, 1889, the Sherrard mortgage being satisfied on that day, the bond secured thereby being marked " Paid," and the mortgage canceled of record on September 27, 1894, by the mortgagees, and the deed to the town from Bryan and wife registered on January 10, 1890; and that at the spring term, 1888, a judgment was rendered for $3,250 in favor of A. T. Bruce & Co. against Battle Bryan, which judgment was afterwards assigned for value to the defendant, and which the defendant is now seeking to enforce against the lot bought by the town from Bryan, Bryan having no other property subject to execution. Upon these facts his Honor was of opinion that the Sherrard mortgage had been canceled, and the debt secured therein paid, and that the same could not be treated as in force so as to give to the plaintiff any equitable right of subrogation to the rights of the mortgagees, as such rights existed on the 27th of December, 1887, when the deed from Bryan to the town was executed and delivered to Farrar.

His Honor was further of the opinion "that the defendant, the owner of the Bruce judgment, has the right to treat the conveyance dated December 26, 1887, as not hav-

ing been made till the date of its registration, January 10, 1890, without regard to the question of notice ; that as for the plaintiff's right to compensation for betterments, the same can be adjusted when the purchaser at execution sale brings his action of ejectment ; that the plaintiff, having an adequate legal remedy, is not entitled to extraordinary relief by way of injunction, and that the restraining order herein issued be vacated, and that plaintiff pay the costs incident to the application for injunction.

We can see no error in the rulings of his Honor. Chapter 147 of the Acts of 1885 provides that : "No conveyance of land  *  *  *  for more than three years shall be valid to pass any property as against creditors or purchasers for valuable consideration from the donor, bargainor or lessor but from the registration thereof." The deed from Bryan to the town was registered after the rendition of the judgment, and the lot is subject to the lien of the judgment. The defendant who purchased the judgment acquired all the rights under his purchase that the original judgment creditor had.