D. D. BRYAN and Virginia P. Bryan, his wife, v. NAT. DUNN.

*Will, Construction of—Forfeiture of Devised Land—Judgment—Execution.*

1. While a judgment is a lien upon the lands of the debtor in the county where docketed, it gives no peculiar lien upon any particular parcel of land, nor does it divest the title and estate out of the debtor, but only enables the creditor, by proper process, to subject the land to the satisfaction of the debt.

2. A devise of land to F. was accompanied by the declaration that if it "should at any time be subjected, by process of law, to the debts of F., then his estate therein shall, *eo instanti,* cease." A judgment was obtained against F., on which an execution was issued, and his homestead exemption of $1,000 laid off in other lands. The execution was then returned with the endorsement, "No property found after said homestead laid off." *Held,* that as there was no attempt or purpose shown to subject the devised land, by process of law, to the satisfaction of the creditor's debt, there was no forfeiture of the estate as provided for by the will.

CIVIL ACTION for the recovery of land, tried before *Robinson, J.,* at Fall Term, 1896, of HALIFAX Superior Court.

The facts appear in the opinion of the Court. There was judgment against the plaintiffs who appealed.

*Messrs. Thos. N. Hill* and *MacRae & Day,* for plaintiffs (appellants).

*Messrs. R. O. Burton* and *David Bell,* for defendants.

MONTGOMERY, J.: In the last will and testament of Mrs. Nancy Conigland, she devised a certain tract of land in Halifax county to her husband for life, with remainder after his death to her nephew, Newell E. Faucett, if he should be living at that time, or to his living issue should he be then dead. The testatrix further declared her will to be "that in case the real estate hereby devised to the said Newell E. Faucett should at any time be subjected or

sought to be subjected by process of law to the debts of the said Newell, then his estate therein shall *eo instanti* cease and determine, and the said real estate shall vest in his issue then living, and should he have no issue then living, then in my niece Virginia P. Faucett, &c." The husband died before the testatrix, and Newell, who was living at her death, went into possession of the land. A judgment was obtained against Newell in September, 1880; an execution was issued upon the judgment in 1882, and the debtor's homestead exemption of $1,000, in value, laid off in another of his tracts of land. The Sheriff made return of the execution as follows: "No property to be found after said homestead laid off. ' The judgment was paid off in 1886.

On the 20th of October, 1888, Newell conveyed by deed the tract of land devised to him to the defendant in this action. The plaintiff, Virginia P. Faucett, requested the court to instruct the jury that upon the facts admitted, and the testimony, they should find that the plaintiff was the owner of the tract of land and entitled to the possession thereof, and that the defendants wrongfully withheld possession from her, and that they should answer the first and second issues, "Yes " The first and second issues were as follows: "1. Is the feme plaintiff the owner and entitled to the possession of the land described in the complaint? 2. Does the defendant wrongfully withhold possession thereof from plaintiffs?" The court refused the instruction and told the jury that if they believed the evidence they should answer the 1st and 2nd issues "No," that is, that the plaintiff was not the owner, and that the defendant did not wrongfully withhold possession from the plaintiff.

The counsel for the defendant on the argument here insisted that the devise vested in Newell a fee simple estate, with all its incidents, including the one of subjection to

demand of creditors; that the words of the will, whether they be regarded as a condition or as a limitation, which attempted the forfeiture of the estate of Newell and the taking of the fee by the plaintiff in case Newell's creditors should subject, or undertake to subject, the land to their debts, were void, and the absolute estate passed to Newell.

The plaintiff's counsel contended that the fee passed under the will, but that it was determinable whenever the land should be subjected, or sought to be subjected, to the debts of Newell; and he insisted that, when judgment was obtained and execution issued, Faucett forfeited the estate, and *eo instanti* the plaintiff took under the will. We are not called on, therefore, to decide the quantity of interest as to Newell's estate in the land under the will, for the counsel of both plaintiff and defendant agreed that the fee was devised to him. The defendant insisted that the deed from Newell to him conveyed the interest and estate of the grantor to him in fee, whilst the plaintiff insisted that Newell's deed to the defendant conveyed nothing, for the reason that while Newell was in possession of the property one of his creditors, by procuring the judgment and issuing the execution thereon, sought to subject the property to the judgment debt, whereby his estate was forfeited, and the whole vested in the plaintiff under the will. The only point then for decision in the case is this: Was the land sought to be subjected by process of law when the creditor procured judgment against Newell and issued execution thereon? We think not. It seems that the creditor took no steps under his judgment and execution to proceed against this land. A homestead of the full value of $1,000 was laid off in another tract of the debtor, and the sheriff made a return of the execution, "Nothing to be found after laying off the homestead." The creditor and the sheriff seemed to know of the provisions of the will and that if they undertook to

advertise the property for sale under the execution, and to give the debtor the notice then required to be given by sheriffs to judgment debtors whose lands were advertised to be sold under execution (Bat. Rev. Ch. 44, Sec. 14), that it would be a vain thing. It is true that a judgment is a lien upon the lands of the debtor in the county in which the judgment is docketed, but it gives to the creditor no peculiar lien upon any particular parcel or tract of the defendant's land. A judgment does not prevent the debtor from selling his land, and the deed will be good and pass the title if the debt is afterwards paid off before sale under execution. A judgment does not divest the title and estate out of the debtor; it only constitutes the land a security for the debt; and as was said in *Murchison* v. *Williams*, 71 N. C., 135. "So as to enable the creditor by proper process to subject it to the satisfaction of his debt." Execution is this proper process, and as the execution in this case was issued, and no attempt made to levy upon the land in dispute, it must be concluded that the creditor by his judgment and execution did not attempt or purpose to subject the land by process of law to the satisfaction of his debt. There was no error in the court's instructions to the jury and, therefore, none in the refusal to give those prayed by plaintiff, and the judgment is affirmed.

Affirmed.