POST-GLOVER ELECTRIC CO. v. McENTEE-PETERSON ENGINEERING COMPANY.

(Filed May 7, 1901.)

1. ATTACHMENT—*Judgment—The Code, Sec. 370.*

Where a person in possession of property is not a party to the attachment suit, the plaintiff, in addition to a judgment for his debt, is not entitled to a judgment for such property, but must proceed under section 370 of The Code.

2. ATTACHMENT—*Judgment—Execution—Title.*

A sale under an execution issuing upon a judgment on an attachment only passes the right of the defendant in attachment.

DOUGLAS, J., dissenting.

ACTION by the Post-Glover Electric Company against the McEntee-Peterson Engineering Company, heard by Judge *W. S. O'B. Robinson,* at March Term, 1901, of MECKLENBURG Superior Court, by consent, as of February Term, 1901, of GASTON County Superior Court. The plaintiff, in addition to the judgment against the defendant for the debt, asked a further judgment subjecting to the satisfaction of the judgment the property which had been attached. To the refusal of this additional judgment, the plaintiff excepted and appealed.

*R. L. Durham,* for the plaintiff.
*Burwell, Walker & Cansler,* for the garnishee.

CLARK, J. The plaintiff brought this action to recover the sum of $302.88, alleged to be due by defendant, and attached certain property alleged to be owned by defendant, and also garnisheed a certain debt alleged to be due defendant by the town of Gastonia. At the first term of court, no answer having been filed, the plaintiff obtained judgment by default final upon its verified complaint. After such judgment, the garnishee obtained leave to file an amended answer, which was filed and sets up a defence, but this was not passed upon by the Judge, and hence is not before us. The plaintiff asked, in addition to the judgment against defendant for the debt, a further judgment subjecting to the satisfaction of the judgment taken upon the debt the property which had been attached. To the refusal of this additional judgment the plaintiff excepted and appealed. This is the only point presented.

There was no error. The plaintiff's remedy was to proceed under The Code, sec. 370. The execution is issued by the Clerk as a matter of course upon the judgment, and, under it, the property levied upon under the attachment is sold

(if liable to sale), and what title the purchaser gets will be determined after the execution sale, for the purchaser buys only the right of the defendant in the attached property (*Davis v. Garret,* 25 N. C., 459), as in all other cases of sale under execution.    Should the Clerk not issue the execution, the remedy is pointed out in *Gooch v. Gregory,* 65 N. C., 142, but no refusal is here averred.

The Court will not determine beforehand what title will be conveyed by sale under the execution.    There is no interpleader by any one claiming to own the attached property, so as to raise an issue now.    The town of Gastonia has only answered as to the fund garnisheed, but it has not interpleaded or in anywise made itself a party as to the attached property.    The attachment is only upon the interest of the defendant in the attached property.    The town of Gastonia could not be made a party to the original action and has not seen fit to interplead so as to raise an issue as to the title of the attached property.    It was unnecessary to adjudge defendant's interest therein to be sold, for that is marked out by the attachment, and as a matter of course will be sold under the execution issued thereon.    What the plaintiff desires, and asks, is that the attached property be adjudged subject to sale in this action so as to give the purchaser title thereto, but this can not be done, seeing the party in possession and claiming the same, the town of Gastonia, is not a party and has not interpleaded.

For these reasons, whether the town is subject to garnishment process, or whether the property, if owned by the town, is liable to attachment, are interesting questions not now before us.

In refusing to sign the desired judgment to subject the property to the payment of plaintiff's debt, there was

No error.

DOUGLAS, J., dissents.