THEO. A. KOCHS COMPANY v. ANDREW JACKSON, T. C. VANN, AND L. LEVIN.

(Filed 18 October, 1911.)

**1. Demurrer Ore Tenus—Defect of Parties—Pleadings.**

A demurrer *ore tenus* to the complaint upon the ground of defect of parties, or that the plaintiff did not have the legal capacity to sue, will not be sustained, as such defense is deemed waived unless taken by a written answer or demurrer. Revisal, sec. 478.

**2. Same—Corporation—Partnership.**

A demurrer *ore tenus* will not be sustained on the ground that the plaintiff's name appeared to be either that of an incorporated company or a partnership, and that neither the fact of incorporation nor the names of the partners were alleged. Revisal, sec. 478.

**3. Same—Claim and Delivery—Replevy.**

The defendant claimed the ownership of personal property under execution sale in proceedings brought against his debtor, to

which the plaintiff was not a party; and plaintiff brought his action for the possession of the property under a prior registered mortgage securing a note past due. The defendant gave a replevy bond for the retention of the property, and not having denied in his answer the allegation that plaintiff was the T. A. K. Company, demurred *ore tenus* that the complaint did not allege the fact of incorporation, if the plaintiff were a corporation, or the names of the partners, if a partnership : *Held,* a demurrer *ore tenus* on the ground of defect of parties will not be sustained.

4. **Deeds and Conveyances—Registration—Sale Under Execution— Title Acquired—Parties.**

A purchaser of personal property at an execution sale cannot acquire any right superior to that of the owners of a prior registered mortgage thereon, who were not parties to the action.

APPEAL from *Cooke, J.,* at February Term, 1911, of CUMBERLAND.

This is an action to recover possession of personal property.

The plaintiff is designated in the summons and complaint as the "Theo. A. Kochs Company," and there is no allegation that the plaintiff is a corporation, and, if a partnership, the names of the partners are not given.

The plaintiff alleges in his complaint the execution of certain notes by one Andrew Jackson, payable to the Theo. A. Kochs Company, and the conveyance by chattel mortgage of the property described in the complaint to secure the same; that there has been a default in the payment of the notes, and that the property, described in the mortgage, is in possession of the defendants, which they have refused to surrender on demand.

The defendants file an answer in which they deny the allegations of the complaint, except the allegation of the execution of the chattel mortgage to secure the payment of the notes, and they allege that they are the owners of the property by virtue of a purchase at a sale under execution against Andrew Jackson. The chattel mortgage was duly registered, and after its registration the said Jackson left the State, and under regular proceedings against him, to which the plaintiff in this action was not a party, said property was attached and sold, and the defendants became the purchasers at the sale.

When the case came on for trial, the defendants demurred to the complaint *ore tenus,* for that it did not allege that Theo. A. Kochs Company was a corporation, or, if not a corporation, but a partnership, it failed to allege the names of the partners. The motion was overruled, and the defendants excepted.

His Honor also held that the purchase by the defendants at the sale under execution was no defense against the claim of the plaintiff, and the defendants excepted.

There was a judgment in favor of the plaintiff, and the defendants excepted and appealed.

*Newton, Herring & Oates for plaintiff.*
*Rose & Rose and H. L. Cook for defendants.*

Allen, J., after stating the case: The demurrer *ore tenus* to the complaint was properly overruled. It was an objection to the complaint upon the ground of defect of parties, or that the plaintiff did not have the legal capacity to sue, and such objections are waived, unless taken by a written answer or demurrer, under the provisions of section 478 of the Revisal.

Besides, it does not appear on the face of the complaint that there is a defect of parties, or an incapacity to maintain the action, and the defendants do not deny in their answer the execution of the chattel mortgage to secure the notes, and they have executed a replevy bond, payable to the plaintiff, by means of which they retain the property pending the action.

A similar question was raised in *Stanly v. R. R.,* 89 N. C., 331, in which the Court says: "The appearance and plea to the merits or answer is a concession of the sufficiency of the designation of the person, natural or artificial, and if intended to be disputed it should be, under the present practice, by answer."

The defendants rely on *Heath v. Morgan,* 117 N. C., 505, as an authority in favor of their position, but an examination of the opinion in that case shows that the Court acted upon the assumption that the plaintiff was a partnership, which does not appear in this case, and also that a demurrer was filed, upon the ground that the names of the partners were not stated in the summons or complaint.

The defendants acquired no title as against the plaintiff, by purchase at the execution sale.

The execution was against Jackson, who had executed to the plaintiff a chattel mortgage, which was duly registered.

"The execution is issued by the clerk as a matter of course upon the judgment, and, under it, the property levied upon under the attachment is sold (if liable to sale), and what title the purchaser gets will be determined after the execution sale, for the purchaser buys only the right of the defendant in the attached property, as in all other sales under execution." *Electric Co. v. Engineering Co.,* 128 N. C., 201.

We find

No error.