WALTER M. KLUTTZ AND MARY WISE v. EDMUND C. KLUTTZ ET AL.

(Filed 6 December, 1916.)

**1. Deeds and Conveyances—Unrecorded Deeds—Color of Title—Purchasers for Value.**

Where both parties to an action to recover lands claim by deeds from an heir at law of the deceased owner, one of which had been recorded and the other not, the unrecorded deed is color of title when the grantee in the recorded one does not show that he was a purchaser for value.

**2. Deeds and Conveyances—Unrecorded Deeds—Color of Title—Possession— Trials—Evidence—Questions for Jury—Dower.**

Where in an action to recover lands the plaintiff claims under a recorded deed from the heir at law of a deceased owner, and defendant under an unrecorded deed from him as color of title; and there is evidence that the defendant had married the widow of the deceased owner, entitled to dower in the lands, and in that capacity had lived thereon and cultivated them; and the evidence is conflicting as to whether his possession was under his deed or by virtue of his wife's right of dower, and as to his unequivocal act showing that he claimed in his own right: *Held*, the question of the sufficiency of his possession was for the jury, and the fact that he permitted the grantee under the registered deed to remain in possession for twelve or fourteen years without objection, and that his deed remained unregistered for twenty years, were circumstances to be considered by the jury as tending to prove that he did not claim ownership thereunder.

CIVIL ACTION tried before *Ferguson, J.,* at February Term, 1916, of ROWAN.

This is a civil action brought by the plaintiff against the defendants in the Superior Court of Rowan County to recover the possession of a 15-acre tract of land described in the complaint, subject to the alleged dower right of the defendant Mrs. L. J. Colly (née E. M. Kluttz). The land in controversy was owned by Edmund Milas Kluttz at the time of his death in 1865. Edmund M. Kluttz left surviving two children and heirs at law, who are Mary Wise, one of the plaintiffs, and Paul S. Kluttz, the father and grantor of Walter M. Kluttz, the other plaintiff. Edmund M. Kluttz left surviving a widow, who shortly afterwards married S. B. Colly. On 5 November, 1881, Paul S. Kluttz executed a deed for his one-half interest in the land to Samuel B. Colly. This deed was properly probated and recorded in the office of the register of deeds on 29 January, 1914, eight months prior to the institution of this suit. On 28 July, 1914, the defendant Mrs. L. J. Colly and the other heirs at law of S. B. Colly conveyed all of the land in question to the defendant Ed. Kluttz.

The deed from Paul S. Kluttz and wife to the plaintiff Walter M. Kluttz is dated 26 January, 1914, and was registered 28 January, 1914.

It appears, therefore, that the plaintiff Walter M. Kluttz and the defendants both claim under deeds from Paul S. Kluttz, and that the deed of the plaintiff was registered one day before the deed of the defendants.

The defendant relies on adverse possession under color of title.

At the conclusion of the evidence his Honor held that the plaintiff Mary Wise was entitled to recover one-half the land, to which there is no exception.

He also held that the deed from Paul S. Kluttz to Samuel B. Colly was color of title, although unregistered, and instructed the jury, if they believed the evidence, to find that the defendant and those under whom he claimed had held possession of the land adversely a sufficient length of time to perfect his title as against Walter M. Kluttz, who excepted and appealed from the judgment in favor of the defendant as to the one-half of the land he claimed.

*Vanderford & Coughenour for plaintiff.*
*T. F. Kluttz and John L. Randleman for defendants.*

ALLEN, J. The deed from Paul S. Kluttz to Samuel B. Colly is color of title as against the plaintiff Walter M. Kluttz, although unregistered, because it is not made to appear that Walter M. Kluttz is a purchaser for value (*King v. MacRackan,* 168 N. C., 624, and cases there cited), and we sustain his Honor's ruling in this respect.

We are, however, of opinion that the evidence of adverse possession is not so clear and unequivocal as to warrant the instruction to the jury that if they believed the evidence to find that the defendant and those under whom he claims had held adversely for a length of time sufficient to perfect his title.

The rule as to adverse possession pertinent to the evidence in this record is stated clearly and accurately by *Walker, J.,* in *Locklear v. Savage,* 159 N. C., 237, as follows: "It consists in actual possession, with an intent to hold solely for the possessor to the exclusion of others, and is denoted by the exercise of acts of dominion over the land, in making the ordinary use and taking the ordinary profits of which it is susceptible in its present state, such acts to be so repeated as to show that they are done in the character of owner, in opposition to right or claim or any other person, and not merely as an occasional trespasser. It must be decided and notorious as the nature of the land will permit, affording unequivocal indication to all persons that he is exercising thereon the dominion of owner."

Let us apply this rule to the evidence, keeping in mind that Samuel Colly, on whose possession the defendant must rely, did not enter into possession of the land in controversy until after his marriage to Leah Jemima Kluttz, mother of Paul S. Kluttz and widow of Edmund Milas Kluttz, the former owner of the land, and that her possession would not be adverse to the heir. *Everett v. Newton,* 118 N. C., 919.

One witness for the defendant, T. D. Link, testified on his examination in chief that Mr. Colly had been in possession of the land ever since he had known him and that he had claimed the land for many years, but on cross-examination he stated that he did not know that Mr. Colly had ever lived on the land and that he never saw him on it.

L. W. Lingle, another witness for the defendant, stated that Mr. Colly had lived on the land for years and that he had been claiming it thirty-five or forty years, but he does not state how long he was in possession, and states on cross-examination that he does not remember when Mr. and Mrs. Colly moved away from the land.

Edmund Kluttz, the defendant, testified that he remembered that Mr. Colly had charge of the land for twenty or twenty-five years. On cross-examination he stated that he did not remember when Mr. Colly lived on the land.

Robertson, another witness, stated that he could not remember when Mr. Colly moved to the land, but he had been there some twenty-five or thirty years, and, on cross-examination, that he lived on the land with his wife and her two children, that they all worked the land together, and that he did not know whether he claimed the land or not.

Luther Peeler, another witness, stated that Mr. Colly claimed the land, that he didn't know who else claimed it, that he held it up to the time of his death, which was about two years before this action was instituted; but, upon cross-examination, he said that he never saw Mr. Colly on the land, that he did not live on it when he knew him, that so far as he knew he never lived on it, and that he never heard Mr. Colly say that he claimed the land in controversy.

A. B. Petree stated that Mr. Colly had been claiming the land for seventeen or eighteen years, and D. T. Lingle, that Mr. Colly had been claiming the land thirty or thirty-five years and that he supposed he had been working it.

Mrs. Colly testified that the land in controversy belonged to her husband, Samuel B. Colly, because he married her, and she then further testified that he had been in possession and had cultivated the land twenty-five or thirty years.

This is a fair summary of the evidence for the defendant, and, on the other hand, the plaintiff offered evidence tending to prove that after the date of the deed from Paul S. Kluttz to Samuel Colly, under which the defendant claims, Samuel Colly and his wife moved from the land and that Paul S. Kluttz entered into possession in 1881 and had the exclusive control and possession thereof for twelve or fourteen years thereafter; that Samuel Colly had never claimed the ownership of the land; that Samuel Colly and wife had been let into possession by Paul S. Kluttz under an agreement that the wife of Colly, who was entitled to dower in the land, should have the land in lieu of dower, and that there was a further agreement at another time with Samuel Colly and his wife that they should have the use of the land free and without rent if they would take care of the children and would educate them.

The jury might well have concluded from this evidence that Samuel Colly and wife were in possession of the land by virtue of the right of his wife to dower, and that there was no unequivocal act showing that he was claiming the land in his own right.

The fact that Paul S. Kluttz was permitted to remain in possession for twelve or fourteen years after the signing of the deed to Samuel Colly without objection, and that this deed remained unregistered for more than twenty years, were circumstances tending to prove that Colly never claimed ownership under this deed.

We therefore conclude that there was error in the instruction given and there must be a new trial.

New trial.