### O. B. EATON v. W. B. DOUB ET AL.

(Filed 24 June, 1925.)

**1. Judgments—Liens—Deeds and Conveyances—Registration.—Statutes— Color of Title.**

The possession of a grantee under an unregistered deed of lands is not under color of title as against subsequent judgment creditors of his grantor, who have thus obtained their liens on the *locus in quo,* the source of title being a common one. C. S., 3309.

**2. Same—Betterments.**

As against the judgment creditors of a grantor of lands, where the grantee has entered upon the *locus in quo* and made valuable improvements before the docketing of the judgments, the grantee cannot establish his rights to betterments. C. S., 3309, 699, 677.

**3. Same—Purchasers for Value.**

The grantee under an unregistered deed is not a purchaser for value as against the judgment creditors of his grantor who have acquired their liens on the land subsequent to the entry and possession of the grantee.

APPEAL by plaintiff from *McElroy, J.,* at November Term, 1924, of FORSYTH.

From judgment sustaining demurrer *ore tenus* to his complaint, on the ground that no cause of action is set out therein, plaintiff appealed to the Supreme Court.

---

*Manly, Hendren & Womble and Parrish & Deal for plaintiff.*
*Holton & Holton and Swink, Clement & Hutchins for defendants.*

CONNOR, J.  The facts alleged in the complaint are as follows: On 21 May, 1909, in consideration of one thousand dollars, the Engle Land Company conveyed to plaintiff, by deed, a lot of land situate in the city of Winston-Salem.  Plaintiff immediately went into possession of said lot and within three months thereafter constructed thereon a large dwelling-house which he has continuously, since 1909 to the present time, occupied as his home.  During the fall of 1919 plaintiff placed a house on said lot and made thereon many improvements, which have greatly enhanced its value.  These improvements were made in good faith by plaintiff, relying upon his belief, bona fide, that he had a good, indefeasible and unencumbered title to said lot.  On 6 June, 1923, plaintiff conveyed a portion of said lot to the Burkhead Methodist Church, South, by deed containing full covenants of warranty.  Said church thereafter erected a parsonage on the portion of the lot conveyed to it, at a cost of approximately nine thousand dollars.  Plaintiff's possession of said lot has been open, adverse, notorious, and exclusive, from and since the date of his deed from the Engle Land Company.  This deed was dated 21 May, 1909, and was duly registered in Forsyth County on 9 September, 1924. At the date of the execution of said deed, Lindsay Patterson, a lawyer, residing in Winston-Salem, of high standing and repute, both morally and financially, was the president of the Engle Land Company and the owner of practically all of the stock of said company.  Plaintiff, relying upon the friendly and cordial relations existing between the said Patterson and himself, and upon his confidence in him, did not register his deed, at the time he received it, and thereafter forgot that he had failed to do so, until September, 1924.

Defendants are judgment creditors of plaintiff's grantor, the Engle Land Company.  Their judgments were obtained against the Engle Land Company and Lindsay Patterson, and were duly docketed on the judgment docket of the Superior Court of Forsyth County, during the year 1922.  These judgments, aggregating, with interest, about twelve thousand dollars, were all docketed prior to the date of the registration of the deed of the Engle Land Company to plaintiff.  The indebtedness upon which each of the judgments was obtained was incurred subsequent to 1 January, 1917, and was the indebtedness of Lindsay Patterson and not of the Engle Land Company; credit was extended by defendants to him and not to the company.  He completely dominated and controlled the affairs and policies of the company, using the name of the company as a party to the obligations upon which judgments were rendered, as a form.  At the time the obligations were incurred to defendants, said

company owned an inconsiderable amount of property, having thereto-
fore disposed of practically all its property, consisting of land, which
Patterson, through said company, had put on the market for sale.

The value of the land, less the enhanced value thereof by reason of
said improvements, is substantially less than the amount of the docketed
judgments of defendants, and is not in excess of six thousand dollars,
whereas the value of the property, with the improvements, is substantially
in excess of the sum of six thousand dollars.

Two of defendants have caused, and the others, unless restrained
by order of court, will cause executions to be issued upon the said
judgments in their favor to the sheriff of Forsyth County; and said
sheriff has advertised for sale, for the satisfaction of said judgments,
all the right, title and interest of the Engle Land Company in and to
said land. Plaintiff prays judgment, first, that defendants be restrained
and enjoined from proceeding further with the executions issued and
now in the hands of the sheriff and from suing out further executions
upon said judgments, and that said judgments be canceled and declared
null and void as to the land described in the complaint; and second,
that if the court shall adjudge that said judgments are liens upon said
land, upon payment by plaintiff into the office of the clerk of the
Superior Court of Forsyth County of such sum as may be adjudged as
the value of said land, less the enhanced value by reason of the improve-
ments, each and all said judgments, in so far as the land described in
the complaint is concerned, be canceled.

No answer to the complaint has been filed by defendants; upon the
hearing of a motion by plaintiff, for the continuance of a temporary
restraining order to the trial, defendants demurred, *ore tenus,* to the
complaint. By the demurrer, defendants admit the facts to be as alleged
in the complaint; *Hayman v. Davis,* 182 N. C., 563; *Hipp v. Dupont,*
182 N. C., 9. All relevant facts sufficiently pleaded in the complaint are
admitted by a demurrer, *ore tenus. Public Service Co. v. Power Co.,*
179 N. C., 18; *Bank v. Bank,* 183 N. C., 463; *Ollis v. Furniture Co.,*
173 N. C., 542.

Plaintiff's deed, registered 9 September, 1924, is not valid as a convey-
ance by the Engle Land Company, of the land described therein, as
against defendants, creditors of Engle Land Company, whose claims
have been reduced to judgments. C. S., 3309. The land described in the
deed, not having been conveyed to plaintiff, as against defendants, was
the real property of the Engle Land Company at the date of the docket-
ing of the judgments. The judgments, docketed on the judgment docket
of the Superior Court of Forsyth County, are liens upon said land.
C. S., 614. They were liens on said land at date of the registration
of plaintiff's deed, and plaintiff's title, under the deed as a conveyance,

is subject to the liens of the judgments. *Wimes v. Hufham,* 185 N. C., 178; *Mills v. Tabor,* 182 N. C., 722; *Realty Co. v. Carter,* 170 N. C., 5; *Trust Co. v. Sterchie,* 169 N. C., 21; *Tarboro v. Micks,* 118 N. C., 162; *Bostic v. Young,* 116 N. C., 766.

The fact that defendants recovered judgments not only against the Engle Land Company, but also against Lindsay Patterson, and that the indebtedness upon which the judgments were recovered was his indebtedness, and not that of the company, as alleged in the complaint and admitted by the demurrer, cannot be held to affect the validity of the judgments, or the right of defendants to enforce the same, by execution and sale of the real property of the Engle Land Company, upon which the judgments are liens. Nor is the validity of the liens affected by the fact that the indebtedness upon which the judgments were rendered was incurred subsequent to 1 January, 1917, at which time plaintiff had been in possession of the land under an unregistered deed for more than seven years. There is no allegation that the judgments were void, for want of jurisdiction, or that they were procured by fraud, or that the indebtedness upon which they were rendered was fraudulent. Defenses which may have been made by the Engle Land Company before judgment, are not now available to said company or to plaintiff; *Brown v. Harding,* 170 N. C., 253; 34 C. J., 527; 15 R. C. L., 731. The judgments are valid; plaintiff's deed for the land was not a conveyance of the land by the Engle Land Company as against defendants whose judgments were docketed prior to the date of its registration; the judgments are liens upon the land, as the real property of the Engle Land Company; plaintiff's deed from said company is no bar as a conveyance to the right of defendants to have the land sold, under execution, as the property of the Engle Land Company.

Plaintiff, conceding that, upon the record, his deed is not a valid conveyance of the land by the Engle Land Company as against defendants, judgment creditors, whose judgments were docketed prior to the registration of the deed, contends that he had title to said land at time the judgments were docketed, by possession, for seven years, under the unregistered deed, as color of title. C. S., 428. The facts of possession, and of the requisite duration of such possession, prior to the docketing of the judgments, are admitted. This contention, therefore, presents the question as to whether an unregistered deed of the judgment debtor is color of title to the land described therein as against a judgment creditor whose judgment has been duly docketed, and thus becomes a lien on the land described in the deed.

Both plaintiff, the grantee in the unregistered deed, and defendants, judgment creditors, whose docketed judgments are liens on the land, claim from a common source, to wit, the Engle Land Company. Under

C. S., 3309 no conveyance of land is valid as against creditors or purchasers for value, but from the registration thereof.

In *Collins v. Davis,* 132 N. C., 106, this Court said: "We, therefore, hold that where one makes a deed for land, for a valuable consideration, and the grantee fails to register it, but enters into possession thereunder, and remains therein for more than seven years, such deed does not constitute color of title and bar the entry of a grantee in a subsequent deed for a valuable consideration, who has duly registered his deed." "Except in cases coming within this rule, the rights acquired by adverse possession for seven years under color of title are not disturbed or affected by the act of 1885" (now C. S., 3309). *Roberts v. Massey,* 185 N. C., 164.

In *Janney v. Robbins,* 141 N. C., 400, *Justice Hoke,* approving the principle announced in *Collins v. Davis, supra,* when confined to the facts of the case in which it was applied, writing for the Court, says that this principle does not extend to a claim by adverse possession held continuously for the requisite time under deeds foreign to the true title or entirely independent of the title under which plaintiff makes his claim. He says, referring to the act of 1885 (Connor Act, now C. S., 3309), "The law was enacted in order to establish and declare the rights of persons who claim under the same title, intended to be the true title, or the one presumably the true title, because both parties claim under a common grantor, and it undertook to do this by simply applying to deeds, and contracts concerning realty and leases of land of over three years duration, the same provisions that had long prevailed as to mortgages, to wit, that no such instrument should be valid to pass the property as against creditors or purchasers for value, but from the registration thereof." *Bradford v. Bank,* 182 N. C., 225.

In *Moore v. Johnson,* 162 N. C., 266, *Justice Walker* cites and approves *Collins v. Davis* and *Janney v. Robbins,* and says with reference to the law as declared in the opinion in these cases: "The Court did say in both these cases that the doctrine of color of title is not modified, except to the extent stated, that is, where the parties claim from the same source of title, and in cases coming strictly within the principle, and that when they do not so claim but derive their alleged right from independent sources, the doctrine of color of title, with respect to an unregistered deed, still exists." See *Hunter v. Kelly,* 92 N. C., 285. In *King v. McRackan,* 168 N. C., 621, it is held that "one relying upon a registered deed to show title as against a third person, claiming the lands by adverse possession under color of title, is required to allege and prove that he is a purchaser for value." An unregistered deed is, therefore, color of title, as against the grantee in a registered deed, who claims from a source independent of and foreign to the source from

which the grantee in the unregistered deed claims, or as against a grantee in a registered deed, claiming from the common source who is not a purchaser for value. An unregistered deed is not color of title as against the grantee in a registered deed, who claims from the same source as the grantee in the unregistered deed, and who is a purchaser for value.

Counsel for plaintiff, in their very helpful brief, concede the law to be settled that with respect to purchasers for a valuable consideration from a common grantor, who record their deeds, the unregistered deed of a prior purchaser is not color of title. Possession, therefore, under an unregistered deed, although of the requisite kind and for the requisite duration, will not bar the grantee in a subsequent deed, who is a purchaser for value, from the same grantor, and who has duly registered his deed. *Buchanan v. Hedden,* 169 N. C., 222; *Sills v. Ford,* 171 N. C., 733; *Kluttz v. Kluttz,* 172 N. C., 622; *Lanier v. Lumber Co.,* 177 N. C., 200; *Clendenin v. Clendenin,* 181 N. C., 470. (*Clark, C. J.,* dissenting opinion.)

No distinction is made in the statute (C. S., 3309) or in the opinions of this Court, construing and applying the statute, between creditors and purchasers for value. No conveyance of land is valid to pass any property from the donor or grantor, as against either creditors or purchasers for value, but from the registration thereof. As to a purchaser for value, who has recorded his deed, it has been held that a prior deed from the same grantor, unregistered, does not exist, as a conveyance or as color of title. We can discover no principle and no authority which requires or justifies such distinction in the construction or application of the statute as will support plaintiff's contention.

We, therefore, hold that where there are conflicting claims to land, between a judgment creditor of the grantor and his grantee, although for a valuable consideration, whose deed is dated prior to but not registered at the date of the docketing of the judgment, the unregistered deed is not color of title as against the judgment creditor, and possession thereunder, although of the requisite kind and for the requisite duration, will not bar the judgment creditor from selling under execution the land described in the deed, as the real property of the judgment debtor.

There was no error in sustaining the demurrer to the complaint, in so far as plaintiff relies upon the facts alleged therein as supporting his first prayer for relief; the docketed judgments of defendants are valid liens upon the land described in the complaint; plaintiff is not entitled to judgment that defendants be restrained from subjecting all the right, title and interest of the Engle Land Company in and to said land by sale, under execution to the payment of said judgments.

Plaintiff contends, however, that the demurrer should not have been sustained, for that he is entitled, in this action, to relief in accordance with his second prayer for judgment, to wit, that the value of the land, at the date of the docketing of the judgments, when they became liens thereon, should be determined, exclusive of the amount by which same was enhanced by the improvements made by him, while in possession, in good faith, relying upon his unregistered deed, and that upon the payment by him of the amount of such value, into court, to be applied on said judgment, the land should be released from the liens of same. Defendants rely upon *Tarboro v. Micks,* 118 N. C., 162, as authority against the contention.

In that case, Battle Bryan, in consideration of $3,300, on 27 December, 1887, conveyed by deed to plaintiff a lot of land; plaintiff by the erection thereon of a handsome and commodious public hall greatly enhanced the value of said lot; at Spring Term, 1888, of the Superior Court of Edgecombe County, a judgment owned by defendant was rendered against Bryan and duly docketed; plaintiff's deed was registered 10 January, 1910. Plaintiff sought to restrain defendant from selling said lot under execution upon said judgment, claiming the right to compensation for betterments. The court below was of the opinion "that defendant, the owner of the judgment, has the right to treat the conveyance dated 27 December, 1887, as not having been made until the date of its registration,—10 January, 1910—without regard to the question of notice; that, as·for plaintiff's right to compensation for betterments, the same can be adjusted when the purchaser at execution sale brings his action of ejectment; that plaintiff having an adequate legal remedy, is not entitled to extraordinary relief by way of injunction, and·that the restraining order herein issued be vacated." Upon the appeal, this Court said: "We can see no error in the rulings of his Honor." This case is determinative of the instant case, certainly in so far as plaintiff relies for relief upon C. S., Art. 29, ch. 12, known as the "Betterments Statute." C. S., 699 *et seq.* There was no error in holding that plaintiff is not entitled to relief under this statute. He cannot, clearly in this action, avail himself of its provisions. The language of the statute and the decisions of this Court forbid. *Trust Co. v. Sterchie,* 169 N. C., 21; *Realty Co. v. Carter,* 170 N. C., 6.

The facts of the instant case appeal so strongly to the conscience of the Court that we are reluctant to hold that the court was without power to afford any relief to plaintiff upon the facts alleged by him and now admitted, upon the demurrer, by defendants. We should be glad to emulate the wisdom of Portia, who in rendering judgment in the action pending before her, gave to plaintiff who "craved the law" his "pound of flesh," but no more.

Defendants, as judgment creditors of the Engle Land Company, are entitled to have, in satisfaction of their judgments, the proceeds of the sale, under execution, of all the right, title and interest of their judgment debtor in and to the land, upon which the judgments are liens. C. S., 677. The sheriff's deed would pass to the purchaser at the execution sale all the right, title and interest which the Engle Land Company had not conveyed, as against defendants, to plaintiff by his deed which was unregistered; C. S., 698, 671; and which, notwithstanding said deed, remained in said company. Said purchaser would also acquire all rights of defendants in said land; *Fibre Co. v. Cozad,* 183 N. C., 600. He would derive his title from and hold under the Engle Land Company; *Bristol v. Hallyburton,* 93 N. C., 384; *Gentry v. Callahan,* 98 N. C., 448; *Electric Co. v. Engineering Co.,* 128 N. C., 199; *Kochs v. Jackson,* 156 N. C., 326; 23 C. J., 746. Defendants are entitled to the value of the interest of the Engle Land Company, in said land, for this the purchaser at the execution sale would get under his deed. It is intimated, though not directly decided in *Tarboro v. Micks,* that as against such purchaser, plaintiff would be entitled to betterments.

In *Wood v. Tinsley,* 138 N. C., 507, it is held that "since the Connor Act (Laws 1885, ch. 147, now C. S., 3309), one who goes into possession of land, under a parol contract to convey, paying the purchase money and making improvements thereon, cannot assert the right to remain in possession until he is repaid the amount expended for purchase money and improvements as against a purchaser for value from the vendor, under a duly registered deed." As to a purchaser for value, from the common grantor, this rule applies to one in possession, under unregistered deed, who has enhanced the value of the land, by improvements, although made in good faith. Public policy, as declared in C. S., 3309, forbids. The statute, upon which all may rely, cannot be waived for the relief of an individual who has disregarded it.

Defendants, however, are not purchasers for value from the Engle Land Company; they have no estate in said land; they have only liens, which may be enforced by sale under execution. *Bruce v. Nicholson,* 109 N. C., 202; *Bryan v. Dunn,* 120 N. C., 36. They are, however, liens by virtue of the statute, C. S., 614, and all men may rely upon the provisions of the statute. Subject to these liens, plaintiff is the owner, in fee, of all the right, title and interest in and to the land of the Engle Land Company. While in possession, prior to date of docketing the judgments, and without notice of the rights of defendants, by improvements placed on the land by the expenditure of his labor and money he enhanced the value thereof.

It has been held that C. S., 3309, applies only to conveyances, contracts, and leases of land, which must be in writing, and may, therefore,

be registered. Rights and titles, which need not be evidenced by writing, resting upon approved principles of equity and enforceable by the court in the exercise of its equitable jurisdiction, are not affected by the statute; a grantee in a registered deed may be held to have taken and to hold his title subject to such equities. *Sills v. Ford,* 171 N. C., 733; *Pritchard v. Williams,* 175 N. C., 319; *Roberts v. Massey,* 185 N. C., 164; *Spence v. Pottery Co.,* 185 N. C., 218.

Is one in possession of land under a deed valid as a conveyance against his grantor, but not valid as against judgment creditors of such grantor, because not registered at date of docketing of judgments, entitled to compensation out of the proceeds of the sale of said land prior to the rights of the judgment creditors for the amount by which the value of the land has been enhanced by permanent improvements made thereon by such grantee before notice of rights of the judgment creditors?

The equitable jurisdiction of the Superior Courts of this State has been frequently invoked by vendees of land who, while in possession under parol contracts to convey, void under the Statute of Frauds (C. S., 988), have enhanced the value thereof by permanent improvements and have thereafter been called upon to surrender possession by vendors who have repudiated their parol contracts. This Court, by a long line of decisions, has sustained the jurisdiction to afford relief by requiring compensation for such enhancement in value before aiding such vendors to recover possession of the land. *Baker v. Carson,* 21 N. C., 381; *Albea v. Griffin,* 22 N. C., 9; *Dunn v. Moore,* 38 N. C., 364; *Love v. Neilson,* 54 N. C., 339; *Daniel v. Crumpler,* 75 N. C., 184; *Hedgepeth v. Rose,* 95 N. C., 45; *Pitt v. Moore,* 99 N. C., 85; *Tucker v. Markland,* 101 N. C., 422; *Vann v. Newsome,* 110 N. C., 122; *Carter v. Carter,* 182 N. C., 186, and many other cases. The principle upon which the jurisdiction has been sustained is well stated by *Walker, J.,* in *Jones v. Sandlin,* 160 N. C., 150. "The general rule is that if one is induced to improve land under a promise to convey the same to him, which promise is void or voidable, and after the improvements are made he refused to convey, the party thus disappointed shall have the benefit of the improvements to the extent that they increased the value of the land," citing many authorities. An examination of these cases will show that the application of the principle has been broad and liberal, waiving technical objections, and doing justice upon the facts of the particular case in which it has been applied. However, in each case the conduct of the vendor has been such as to cause the Court to hold that denial of relief would be to aid the vendor to perpetrate a fraud. *Davis, J.,* in *Pitt v. Moore,* 99 N. C., 85, said: "Whatever may

EATON *v.* DOUB.

have been the ancient rule, it is now well settled by many decisions from *Baker v. Carson,* 21 N. C., 381, in which there was a divided Court, *Ruffin, C. J.,* and *Gaston, J.,* concurring, and *Albea v. Griffin,* 22 N. C., 9, by a unanimous Court, to *Hedgepeth v. Rose,* 95 N. C., 41, that where the labor or money of a person has been expended in the permanent improvement and enrichment of the property of another by a parol contract or agreement which cannot be enforced because, and only because, it is not in writing, the party repudiating the contract, as he may do, will not be allowed to take and hold the property thus improved and enriched without compensation for the additional value which these improvements have conferred upon the property, and it rests upon the broad principle that it is against conscience that one man shall be enriched to the injury and cost of another, induced by his own act." In *Luton v. Badham,* 127 N. C., 96, it is said that it is "the fraud that gives the action, not the possession."

In the instant case there has been no conduct on the part of defendants to induce plaintiff to make the improvements; as against defendants, plaintiff has no equity to aid him. While making the improvements, plaintiff had no notice of the possible claims of defendants, but he was fixed with notice by the statute that as long as he kept his deed from the record his title to the land was subject to the rights of subsequent grantees of the Engle Land Company for value, who recorded their deeds, and to the rights of creditors who reduced their debts to judgments and duly docketed the judgments.

We are unable to discover any equity upon which we can apply this just and beneficent principle to the relief of plaintiff in this action. As said in *Wood v. Tinsley,* 138 N. C., 507, equity follows the law. The law sustains the contention of defendants that plaintiff has stated no cause of action against them in his complaint. As against them, plaintiff cannot recover judgment as prayed for, either under the statute or under the equitable jurisdiction of the Court.

If improvements had been made on the land by the Engle Land Company prior to the docketing of the judgments, they would have simply increased the value of the property upon which the judgments became liens at date of docketing. Plaintiff, to whom all the title of the Engle Land Company passed, subject to the rights of purchasers for value, who recorded their deeds, or of judgment creditors, who docketed their judgments, stands in the shoes of his grantor, and has no greater rights and is subject to no less burdens, as against defendants; *Wharton v. Moore,* 84 N. C., 479; *Pritchard v. Williams,* 178 N. C., 445 (*Allen, J.,* dissenting opinion); 31 C. J., 311, and cases cited, n. 52. The improvements were made by plaintiff on his own

land as between him and his grantor and all other persons except defendants; as to defendants, however, they were made upon the land of another. In 31 C. J., 319, it is said: "As a general rule, in order that one may recover compensation for improvements made on another's land, even in a court of equity it is necessary that he shall have made such improvements in good faith while in bona fide adverse possession of the land under color of title." Plaintiff's possession as against defendant was not under color of title; he, therefore, cannot recover in this action, and it seems that he could not sustain his right to compensation in an action of ejectment by the purchaser of the land at the execution sale.

We cannot refrain from expressing regret that, after a careful consideration of this case, we are unable to arrive at any other conclusion than that no cause of action is stated in the complaint, and that in sustaining the demurrer on that ground there was no error. The judgment must be

Affirmed.