PAGE TRUST COMPANY v. AMERICAN NATIONAL BANK ET AL.

(Filed 13 April, 1927.)

**Evidence—Demurrer—Equity—Reformation of Instruments — Cross-Action—Defenses.**

> Where equity is sought to remove a cloud upon title to lands by those claiming the reformation of their conveyance into a deed conveying a fee simple absolute title by reason of judgment liens against the former owner obtained subsequent to the registration of the plaintiff's deed, and the defendants, the judgment creditors, set up a cross-action asking affirmative relief on the grounds of fraud against their rights, and therefore no title had passed to the plaintiff, with evidence to support their allegations, plaintiff's demurrer to the defendant's evidence admits every material fact reasonably to be inferred therefrom, and the validity of the plaintiff's title being directly involved, the plaintiff's demurrer thus interposed is bad, and is properly denied.

STACY, C. J., not sitting.

CIVIL ACTION, tried before *Bond, J.,* at Spring Term, 1927, of NEW HANOVER.

It was alleged in the complaint that on 31 December, 1919, William H. Duls and wife conveyed the land in controversy to J. C. Rourk, trustee. This deed was duly recorded. J. C. Rourk, trustee, conveyed the land to W. H. Sanders, trustee, by deed dated 12 March, 1923, and duly recorded. W. H. Sanders, trustee, conveyed the land to plaintiff, Page Trust Company, by deed dated 10 November, 1926, and duly recorded.

Paragraph six of the complaint is as follows: "That the plaintiff is informed and believes, and upon such information and belief alleges that the said J. C. Rourk, trustee, in taking title to the said lands and premises described in the said deed from William H. Duls and wife, Theresa Marshall Duls, took said lands, and all of them, . . . as trustee

for the said J. C. Rourk and Thomas E. Cooper, and for no other person, firm, corporation, or individual."

Plaintiff further alleged "that when the said J. C. Rourk, trustee, conveyed the lands and premises described in the third article of this complaint to W. H. Sanders, trustee, by deed dated 12 March, 1923, that he was requested, directed, and instructed so to do by the said Thomas E. Cooper and the said J. C. Rourk, *cestui que trustents*, and that their failure to join in the execution of said deed with the said J. C. Rourk, trustee, together with their wives, was an inadvertence and oversight, and contrary to their firm intention and purpose so to do; that the said J. C. Rourk, trustee, and the said defendants, Thomas E. Cooper and J. C. Rourk, intended to convey the lands and premises in fee simple, including every interest therein, to the said W. H. Sanders, trustee; that said lands and premises were conveyed by said J. C. Rourk, trustee, to said W. H. Sanders, trustee, for a valuable consideration, it being the purpose of said J. C. Rourk, trustee, to vest in the said W. H. Sanders, trustee, the legal and equitable title to the same, pursuant to the authority vested in him and in accordance with the directions of his *cestui que trustents*."

Plaintiff further alleged that the defendant American National Bank, and a number of other creditors, were judgment creditors of Thomas E. Cooper and J. C. Rourk, "having acquired judgments since the date and registration of the deed from Joseph C. Rourk, trustee, to W. H. Sanders, trustee, aforesaid." Plaintiff further alleged that these judgments constituted a cloud upon its title, and prayed that a decree be entered removing said cloud upon its title, and declaring the plaintiff to be the owner in fee simple of the lands described, and that said Thomas E. Cooper and J. C. Rourk and wife, and all of said judgment creditors, be forever barred from asserting any right or title whatsoever in the land.

The American National Bank filed an answer, alleging in substance: (1) That Thomas E. Cooper and J. C. Rourk are still the owners of said property, and have never conveyed the same; (2) that the conveyance from W. H. Sanders, trustee, to the plaintiff was not a genuine conveyance in law and equity, and that no legal or equitable title passed from said J. C. Rourk, trustee, to Sanders, trustee, or from Sanders, trustee, to plaintiff.

The Citizens Bank and Trust Company, another judgment creditor, filed an answer, alleging in substance: (1) That the conveyance from J. C. Rourk, trustee, to W. H. Sanders, trustee, was without consideration, and "for the purpose of securing the payment of past-due debt in fraud of other creditors of said Thomas E. Cooper and J. C. Rourk; (2) that there was no misunderstanding, inadvertence, oversight, or

34—193

mistake in the execution of said deed, and that the judgment taken by it against Cooper and Rourk was for indebtedness past due and owing at the time of the execution of the deed from Rourk, trustee, to Sanders, trustee; (3) that both Rourk and Cooper were insolvent, and that the land in controversy was the only available assets; (4) that the plaintiff in this action acquired title to said land from Sanders, trustee, with full knowledge of all the facts and circumstances.

Thereupon the judgment creditors prayed that the deed from Rourk, trustee, to Sanders, trustee, be set aside, and that Rourk and Cooper be adjudged to be the owners of the land.

The plaintiff filed demurrers to the further defense set up by the judgment creditors, American National Bank and Citizens Bank and Trust Company. The demurrers asserted that the judgment creditors were neither the owners of a legal nor equitable estate or interest in the lands in controversy, and that their further defense constituted a collateral attack upon the deed. The trial judge overruled the demurrers and refused to strike out the further defense and cross-bills asserted by the judgment creditors, and the plaintiff appealed.

*Joseph W. Little for plaintiff.*
*L. J. Poisson and Norman C. Shepard for defendants.*
*Emmett H. Bellamy in behalf of American National Bank of Richmond, Va.*

BROGDEN, J. The gist of the action instituted by plaintiff is to reform the deed in controversy to remove the lien of the docketed judgments, which it alleges constitutes a cloud upon the title.

The judgment creditors allege as a defense to said action, and as a basis for affirmative relief, that the deed from Rourk, trustee, to Sanders was executed without consideration and in fraud of creditors, and that, as a matter of fact, the land in controversy still belongs to Thomas E. Cooper and J. C. Rourk, who are insolvent, and that this parcel of land constitutes the only available assets owned by said insolvents.

The demurrers to the cross-action of defendant admit the truth of said allegations. It has been repeatedly held by this Court that "a demurrer to an action admits as true every material fact alleged in the answer to the same extent and with the same force as a demurrer to a complaint." *Trust Co. v. Wilson,* 182 N. C., 168; *Real Estate Co. v. Fowler,* 191 N. C., 616.

Therefore, assuming these allegations to be true, the defendant would have the right to have the land in controversy subjected to the payment of their judgments in accordance with law. *Murchison v. Williams,* 71

N. C., 135; *Bryan v. Dunn,* 120 N. C., 36; *Eaton v. Doub,* 190 N. C., 14; *Farrow v. Ins. Co.,* 192 N. C., 148.

Moreover, the cross-bill of defendant does not constitute a collateral attack upon the deed. In defining a "direct proceeding," in *Houser v. Bonsal,* 149 N. C., p. 57, *Hoke, J.,* said: "That under our present system, where courts are empowered to administer full relief in one and the same action, when all the parties to be affected by the decree are before the court, and a judgment is set up in bar and directly assailed in the proceeding for fraud, this is a direct and proper proceeding to determine its validity."

So, in this case the plaintiff comes into a court of equity alleging that his deed is defective, and praying for equitable relief for the purpose of reforming it, in order to remove a cloud upon the title. Thereupon, in the same action, the defendant asserts that the deed was given without consideration and in fraud of creditors, the plaintiff having notice thereof.

We are of the opinion that this is not a collateral attack upon the deed and that the demurrers were properly overruled.

Affirmed.

STACY, C. J., not sitting.