### E. N. HAHN v. J. C. FLETCHER.

(Filed 3 June, 1925.)

**Courts — Jurisdiction — Street Improvements — Assessments—Constitutional Law—Statutes.**

An assessment on land made for street improvements created a lien by statute involves the title and comes within the intent and meaning of a covenant against encumbrances in a later deed conveying the lands upon which this lien exists; and where the grantee in the deed has paid off this lien to clear his title, the amount involved, though less than the sum of two hundred dollars, carries it within the jurisdiction of the Superior Court, exclusive of that of the justice of the peace. North Carolina Constitution, Art. IV, sec. 27; C. S., 1473.

APPEAL by defendant from *Harding, J.,* Fall Term, 1924, WATAUGA.

Plaintiff, on 4 September, 1923, procured the issuance of a summons by a justice of the peace against the defendant "to answer the complaint of E. N. Hahn for the nonpayment of $118.70, with interest due thereon, by account and demanded by said plaintiff." On the hearing defendant moved to dismiss the action on the ground that the justice of the peace had no jurisdiction. The written motion is as follows:

"This action is brought for the recovery of a sum of money alleged by the plaintiff to have been expended by him to discharge certain encumbrances on lands conveyed by defendant to plaintiff by a warranty deed, and, therefore, the title to real estate is in controversy. *Shankle v. Ingram,* 133 N. C., 254; *Brown v. Southerland,* 142 N. C., 225; Consolidated Statutes, sec. 1473, etc. The action should, therefore, be dismissed at the cost of the plaintiff."

On the trial, judgment was rendered for plaintiff, and defendant appealed to the Superior Court. On appeal to the Superior Court, the following facts were found by the court below:

"That the plaintiff purchased a certain lot of land in Watauga from the defendant; that at the time of the purchase there was an assessment amounting to $118.70, for which the said lot was liable for certain improvements, and that said amount was a lien on the property.

That after plaintiff had purchased and received deed from the defendant, plaintiff was called upon to pay the assessment, and that plaintiff paid it in order to recover the lien of such assessment, and brings this action to recover the money that he paid out.

The court being of the opinion that a question of warranty does not arise in this case, nor a question of the title between the plaintiff and defendant, overrules the motion to dismiss for want of jurisdiction on the part of the justice of the peace, and defendant excepts.

Counsel for the parties tell the court that the foregoing facts are the facts in this case, and counsel for the defendant telling the court they are the facts in the case, and it is agreed that the court may render judgment upon such findings of fact;

Whereupon, it is ordered and adjudged that the plaintiff recover of the defendant the sum of $118.70, with interest from 15 September, 1923, the date of the judgment before the justice of the peace, and the costs of this action."

The defendant excepted to the judgment, assigned error, and appealed to the Supreme Court.

*F. A. Linney for plaintiff.*
*Brown & Bingham and Squires & Whisnant for defendant.*

CLARKSON, J. Constitution of North Carolina, Art. IV, sec. 27, in part, is as follows: "The several justices of the peace shall have jurisdiction, under such regulations as the General Assembly shall prescribe, of civil actions founded on contract, wherein the sum demanded shall not exceed two hundred dollars, *and wherein the title to real estate shall not be in controversy,*" etc. C. S., 1473.

The sole question involved in this appeal is whether under the facts found the "title to real estate" is in controversy. If the title is in controversy, the justice of the peace had no jurisdiction and the action should have been dismissed. The facts found indicate that the plaintiff purchased a piece of land from the defendant. The title was in defendant and he transferred the title by deed to plaintiff. At the time the title passed from defendant to plaintiff an assessment for $118.70 was on the lot for improvements—this was a lien on the property.

In *Bank v. Watson,* 187 N. C., p. 111, we said: "Under the statute (chapter 56, sec. 9, Public Laws 1915) the street assessment, 'from the time of such confirmation, the assessment embraced in the assignment roll *shall be a lien on the real property against which the same are assessed, superior to all other liens and encumbrances.'* *Kinston v. R. R.,* 183 N. C., 14." C. S., 2713. C. S., 2717, makes provision how payment enforced. In *Kinston v. R. R., supra,* it is termed a "statutory mortgage."

Plaintiff paid the lien and now sues to recover it from defendant, who made the title to him with warranty. To get a good title to the land, plaintiff had to pay the lien on the land. If the land was sold, as it could be under the lien, plaintiff would have no title unless he purchased at the sale.

"Title is the means whereby the owner of lands has the just possession of his property." *Horney v. Price, post,* 820.

Title in the present case may not be the means whereby plaintiff may have the "just possession of his property" with a lien on it. If sold to pay the lien, he may have no title. Plaintiff brings this action before a justice of the peace to recover the amount paid; defendant sets up the defense that the title to real estate is involved in the controversy and the question of warranty arises, and contends that the action should have been brought in the Superior Court. Plaintiff, in his action before the justice of the peace, would introduce the deed made by defendant—from the facts found, this was admitted. Then by the deed would arise the warranty and covenants in the deed. This would automatically involve the title to the real estate. If the owner of the "statutory mortgage," instead of selling under the statute, desired to foreclose the lien, suit could not be brought before a justice of the peace, but in another forum. *Murphy v. McNeill,* 82 N. C., 221.

In *Barrelt v. Barnes,* 186 N. C., 158, we said: *"Clark, C. J.,* in *Gammon v. Johnson,* 126 N. C., 64, says: 'In general, all encumbrances, whether prior or subsequent encumbrances, as well as the mortgagor, should be parties to a proceeding for foreclosure, and judgment creditors as well as mortgagees.' *Jones v. Williams,* 155 N. C., 179, is not in conflict under the facts in this case."

If defendant had agreed to pay plaintiff $118.70 after he had paid the assessment lien, and suit was brought by plaintiff on this agreement, the justice of the peace would have jurisdiction. *Hooks v. Houston,* 109 N. C., p. 626.

In *Shankle v. Ingram,* 133 N. C., p. 254, the action was for damages for breach of covenant of seizin in the deed. The allegation was that defendant conveyed to plaintiff 245 acres of land. The deed contained covenants of warranty, but defendant was not the owner of 41.8 acres, having sold it off before, and plaintiff had never been able to get possession of same. The value of this 41.8 acres was $170. The case was decided on the statute of limitation, but the Court considered the question of jurisdiction and said (*supra,* p. 259): "We do not see how a justice of the peace could have taken cognizance of the questions involved in this case and administered the rights of the parties, and we presume this view was taken by counsel, as no objection was made to the jurisdiction either below or in this Court." It is clear, in that case, a part of the title to real estate was in controversy.

*Brown v. Southerland,* 142 N. C., p. 225, decides: Headnote 1. "Where the complaint alleges that the defendants conveyed to the plaintiffs certain lands by deed, 'with full covenants of seizin'; that the defendants were not seized of a portion of said lands, and that by reason thereof there was a breach of said covenant whereby they sustained damages to the amount of $57, the Superior Court had jurisdiction of the action under Art. IV, sec. 27, of the Constitution, the title to real estate being in controversy."

In the warranty clause of the ordinary modern deed, the various covenants are (1) covenant of seizin, (2) of right to convey, (3) against encumbrances (these three do not run with the land), (4) warranty which may be either general or special, (5) quiet enjoyment, (6) and further assurance (these latter three do run with the land). Mordecai's Law Lectures, Vol. 2, p. 851; *Lockhart v. Parker, ante,* 138.

From the facts found, the covenant in plaintiff's deed was "against encumbrances." When defendant delivered the deed to plaintiff, this covenant was broken with the street assessment—a lien or a statutory mortgage on the land. Plaintiff could have at once sued for the breach. As the breach brought into controversy the title to real estate, the

justice of the peace had no jurisdiction. Grave consideration of this question of jurisdiction was given by the Court in *Sewing Machine Co. v. Burger,* 181 N. C., p. 241.

Mere allegation of defendant that title is in controversy will not oust justices' jurisdiction. The matter must appear from the evidence or admission of the parties. *Jerome v. Setzer,* 175 N. C., p. 391. This question does not arise here, as the agreed facts present the question.

For the reasons given, there is
Error.