WILLIE L. FARROW AND WILEY C. RODMAN v. AMERICAN EAGLE FIRE INSURANCE COMPANY OF NEW YORK.

(Filed 15 September, 1926.)

**Insurance, Fire—Judgments—Contracts — "Unconditional Ownership"—Liens.**

Where the plaintiffs' grantee of lands has obtained judgment against a former claimant of title that he is entitled to the possession thereof subject to the improvements in a certain amount put thereon by the claimants, with order that if not paid within a stated period the lands be sold and the proceeds applied to this payment, etc., and thereafter when the lands were subject thereto the plaintiffs have acquired the lands and insured the buildings thereon against fire in the defendant company, a clause in the policy avoiding the company's liability if the ownership be otherwise than sole and unconditional is not rendered void by the judgment above mentioned, and the plaintiffs may recover upon the policy for loss by fire occurring within the period covered by the policy.

APPEAL by defendant from *Grady, J.*, at February Term, 1926, of BEAUFORT.

Civil action to recover for loss by fire, under a policy of insurance issued by the defendant.

From a verdict and judgment in favor of plaintiff, the defendant appeals, assigning errors.

*Wiley C. Rodman and Ward & Grimes for plaintiffs.*
*Stephen C. Bragaw for defendant.*

STACY, C. J. The appeal presents but a single question: Was the plaintiff the sole and unconditional owner of the insured premises at the time of the issuance of the policy in suit? If this be answered in the affirmative, it is conceded that the judgment is correct and should be affirmed; otherwise it is erroneous and ought to be reversed.

In 1914, plaintiff's father, Morgan Farrow, owned a tract of land in Beaufort County containing approximately twenty-two acres. He told his

daughter, Lizzie Davis, that he would convey to her three acres of said land if she and her husband would make a home-site out of it and build a house thereon. This parol offer was accepted and the house erected, but no deed was ever made to Lizzie Davis for the three acres. Later Elijah Gray acquired title to all the land and sought to evict Lizzie Davis and her husband in 1922. It was adjudged in said ejectment suit that "Elijah Gray is the owner in fee and entitled to the possession of all the land described in the complaint, including the said three acres"; but that the defendants are entitled to recover of the plaintiff the value of the improvements placed thereon, to wit, $550.00, and if not paid within ninety days, the said three acres, with improvements, shall be sold, after due advertisement, as required by law, to satisfy said judgment, the surplus remaining, if any, to be paid to Elijah Gray.

This judgment was outstanding and unsatisfied and the Davises in possession of the house when the plaintiff acquired title to the property by deed from Elijah Gray, dated 12 February, 1923. Five days thereafter, the policy of insurance now in suit was issued by the defendant to protect the plaintiff against loss or damage to the house by fire. The house was destroyed by fire 17 June, 1923, while Gus and Lizzie Davis were away from home.

The existence of the above mentioned judgment was not known to the insurance company at the time of the issuance of the policy, and it is contended that said judgment avoids the contract of insurance under the stipulation contained therein that "This entire policy is void . . . (a) if the interest of the insured is other than unconditional and sole ownership." The following authorities are cited by the defendant, as supporting, either directly or in tendency, its position in the matter: *Hardin v. Ins. Co.,* 189 N. C., 423; *Watson v. Ins. Co.,* 159 N. C., 638; *Weddington v. Ins. Co.,* 141 N. C., 234; *Hayes v. Ins. Co.,* 132 N. C., 703.

It is the holding with us that, as a general rule, a judgment vests no estate or interest in the land upon which it is a lien, but only gives to the creditor the right to have the land appropriated to the satisfaction of the judgment. *Brown v. Harding,* 170 N. C., p. 266; *Bruce v. Nicholson,* 109 N. C., 202; *Baruch v. Long,* 117 N. C., 509; *Bryan v. Dunn,* 120 N. C., 36; *Murchison v. Williams,* 71 N. C., 135. "A judgment creditor has no *jus in re* or *jus ad rem* in the defendant's land, but a mere right to make his general lien effectual by following up the steps of the law and consummating his judgment by an execution and sale of the land."—*Ashe, J.,* in *Dail v. Freeman,* 92 N. C., 351. This is so, even where the judgment is declared a specific lien on a given piece of property, otherwise a tax levy, or a street assessment, might be considered as a defect of title, within the meaning of the clause now under considera-

tion, and it has never been thought that such assessments render the ownership of property other than sole and unconditional, so as to work a forfeiture of a policy of insurance. *Hahn v. Fletcher,* 189 N. C., 729; *Bank v. Watson,* 187 N. C., 107; *Kinston v. R. R.,* 183 N. C., 14; *Roy v. Abraham,* 207 Ala., 400; 25 A. L. R., 101.

In this respect a mortgage or a decree affecting the title to property, is different from an ordinary judgment, or one such as we are dealing with in the instant case. We think the trial court correctly held that the judgment in question did not work a forfeiture of the policy under the sole and unconditional ownership clause.

· From the foregoing, it follows that the verdict and judgment must be upheld.

No error.