JAMES BYRD v. PILOT FIRE INSURANCE COMPANY, C. C. CANADY, TRUSTEE FOR L. J. BEST, AND L. J. BEST.

(Filed 7 October, 1931.)

1. **Judgments G a—Judgment creditor or his assignee has only lien on land of judgment debtor but no estate or title therein.**

   A judgment creditor or his assignee has a lien on the lands of the judgment debtor, and where the judgment is duly docketed, the lien exists against a subsequent purchaser from the judgment debtor, carrying with it the right to subject the property and improvements thereto to the satisfaction of the debt, but the judgment creditor or his assignee has no title or estate in the lands. C. S., 614.

2. **Insurance D a—Claimant having no contract with insurer in this case the question of insurable interest does not arise.**

   Where a judgment creditor does not insure his interest in the lands of the judgment debtor and there is no loss payable clause in his favor attached to a policy of fire insurance taken out by the judgment debtor, the question of whether the judgment creditor has an insurable interest in the property does not arise in an action on the policy taken out by the judgment debtor.

3. **Insurer N e—Judgment creditor having only lien and no contract with insurer is not entitled to proceeds of policy.**

   A judgment creditor or his assignee, having only a lien on the lands of the judgment debtor, is not entitled to the proceeds of a policy of fire insurance taken out on the property by the judgment debtor or his transferee in the absence of a contract between the judgment creditor or his assignee and the insurer.

APPEAL by defendant, L. J. Best, from *MacRae, Special Judge,* at February Term, 1931, of HARNETT. Affirmed.

This is an action to recover on a policy of insurance for $500.00, issued to the plaintiff by the defendant, Pilot Fire Insurance Company, on 24 May, 1930.

The property insured by said policy against loss or damage by fire was a one-story, frame building located on a lot in the town of Dunn, Harnett County, N. C. This building was destroyed by fire on 22

August, 1930. The defendant, Pilot Fire Insurance Company, admitted its liability under the policy for the sum of $500.00, but declined to pay said sum to the plaintiff, until the validity of the claim of the defendant, L. J. Best, the owner of a docketed judgment, which was a lien on the lot of land on which said building was located, at the date of its destruction by fire, had been first determined.

The defendant, L. J. Best, is now and was at the date of the fire which destroyed the building covered by the policy of insurance, the owner of a judgment which was rendered by the Superior Court of Harnett County in favor of John Beasely and against R. L. Godwin for the sum of $900.00. This judgment was duly docketed on the judgment docket of the Superior Court of Harnett County, and on 19 March, 1926, was duly transferred and assigned to the defendant, C. C. Canady, trustee for L. J. Best. The defendant, L. J. Best, is the owner of said judgment.

The judgment debtor, R. L. Godwin, at or subsequent to the date of the docketing of said judgment, was the owner of the lot of land on which the building destroyed by fire on 22 August, 1930, was located. He conveyed the said lot of land to J. D. Barnes by a deed which has never been registered. Thereafter, for a valuable consideration, J. D. Barnes conveyed said lot to the plaintiff by a deed which was registered in the office of the register of deeds of Harnett County on 29 June, 1927.

After the said lot was conveyed to him by J. D. Barnes, the plaintiff erected thereon the building which was destroyed by fire.

On 24 May, 1930, the defendant, Pilot Fire Insurance Company, issued to plaintiff the policy of insurance sued on in this action, by which the said defendant insured the plaintiff against loss or damage by fire on said building in the sum of $500.00. There is no loss payable clause in said policy in favor of the defendant, C. C. Canady, trustee for L. J. Best, or in favor of the defendant, L. J. Best.

Plaintiff had no actual knowledge of the existence of the judgment owned by the defendant, L. J. Best, at the date of the erection of said building. He knew, however, prior to the issuance of the policy of insurance that said defendant owned said judgment, and that said judgment was a lien on the lot on which he had erected the said building. There was no agreement between plaintiff and the defendant, L. J. Best, with respect to insurance on the building against loss or damage by fire.

After the destruction by fire of the building insured by the policy of insurance, and prior to the commencement of this action, the defendant, L. J. Best, notified the defendant, Pilot Fire Insurance Company, that he claimed the proceeds of said policy by virtue of his lien, as the owner of the docketed judgment against R. L. Godwin, on the lot of land at

the date of the fire. Upon its receipt of this notice, the defendant, Pilot Fire Insurance Company, notified the plaintiff that it would not pay the amount due under the policy until the validity of the claim of the defendant, L. J. Best, had been first determined. Thereafter this action was begun.

Upon the foregoing facts, found by the court from the pleadings, it was ordered, considered and adjudged that the defendants, C. . C. Canady, trustee for L. J. Best, and L. J. Best, had no insurable interest in the building insured by the policy of insurance issued by the defendant, Pilot Fire Insurance Company, on 24 May, 1930, and destroyed by fire on 22 August, 1930, by virtue of the lien of the docketed judgment against R. L. Godwin, and that said defendants are not entitled to the proceeds of said policy of insurance.

It was further ordered, considered and adjudged that plaintiff recover of the defendant, Pilot Fire Insurance Company, the sum of $500.00, with interest, and of the defendant, L. J. Best, the costs of the action.

From this judgment, the defendant, L. J. Best, appealed to the Supreme Court.

*Clifford & Williams* for plaintiff.
*James Best* for defendant, L. J. Best. .
*Hoyle & Harrison* for Insurance Company.

CONNOR, J. On the facts found by the court at the trial of this action, the judgment against R. L. Godwin for the sum of $900.00, which was duly docketed on the judgment docket of the Superior Court of Harnett County, and which was subsequently transferred and assigned to the defendant, L. J. Best, who is now the owner thereof, was a lien on the lot of land now owned by the plaintiff, at the date of the issuance of the policy of insurance sued on in this action, and also at the date of the destruction by fire of the building covered by said policy. C. S., 614. *Eaton v. Doub,* 190 N. C., 14, 128 S. E., 494.

The defendant, L. J. Best, had the right to enforce this lien by the sale of the lot of land, with all improvements thereon, under execution on the judgment, or by other appropriate proceeding. He had, however, no title to or estate in the lot of land, or the building located thereon; he had only the right to have the land and improvements thereon, whether made by the judgment debtor, or by the plaintiff, who claims title to the lot of land under an unregistered deed from the judgment debtor, appropriated to the satisfaction of the judgment. *Farrow v. Ins. Co.,* 192 N. C., 148, 134 S. E., 427; *Eaton v. Doub,* 190 N. C., 14, 128 S. E., 494.

The question as to whether the defendant, L. J. Best, had an insurable interest in the building located on the lot of land, which was destroyed by fire on 22 August, 1930, is not presented in this action. It has been held that one holding a lien on property to secure a debt has an insurable interest in such property to the amount of the lien. 26 C. J., 27. In the instant case, the defendant, L. J. Best, had not insured his interest, as the owner of the judgment lien, in the building on the lot of land. The policy issued to plaintiff and sued on in this action contains no loss payable clause directing that the loss, if any, under the policy shall be paid to the defendant; nor was there any agreement on the part of the plaintiff to insure the building for the benefit of the defendant. *Fitts v. Grocery Co.,* 144 N. C., 463, 57 S. E., 164, cited and relied upon by the appellant, has no application to the facts of this case.

The only question presented by this action is whether the defendant, L. J. Best, as the owner of a judgment lien on the lot on which the building insured was located, is entitled to the proceeds of the policy issued to the plaintiff by the defendant, Pilot Fire Insurance Company. This question was decided by the court below in the negative. In this, there was no error.

"One who has a mere lien only on the insured property has no claim to the insurance money realized by the insured in the event of the loss of the property, for a claim on the insurance money can arise only out of contract." 26 C. J., 445. In the instant case there was no contract between the insurance company and the defendant, L. J. Best, or between said defendant and plaintiff, with respect to insurance on the building which was destroyed by fire.

The judgment that plaintiff recover of the defendant, Pilot Fire Insurance Company, the sum of $500.00, and of the defendant, L. J. Best, the costs of the action, is

Affirmed.