GEORGE P. STREET v. BEAUFORT FISH SCRAP AND OIL COMPANY
AND W. J. SWAN, TRUSTEE.

(Filed 7 October, 1931.)

Insurance N e—Holder of tax sale certificate is not entitled to proceeds of policy of fire insurance covering premises.

The assignee of a tax sale certificate has no title to or estate in the land described in the certificate and, upon destruction of the property by fire, he is not entitled to the proceeds of a policy of fire insurance

covering the premises, and his motion for an order restraining the insured from collecting on the policy and for a receiver to collect the proceeds for payment of the amount of the certificate is properly denied.

APPEAL by plaintiff from *Frizzelle, J.,* at Chambers in New Bern, on 8 April, 1931. From CARTERET. Affirmed. ·

This is an action to foreclose a tax sale certificate which was transferred and assigned to plaintiff by Carteret County. It is alleged in the complaint that said tax sale certificate is a lien on certain lands and premises owned by the defendants. This allegation is denied in the answer filed by defendants.

Since the commencement of the action the buildings located on said land at the date of their assessment for taxation have been destroyed by fire. At the date of the fire the said buildings were insured against loss or damage by fire in a large sum by a policy of insurance issued to the defendants.

Plaintiff moved in this action for an order restraining the defendants from collecting or receiving the proceeds of the policy of insurance and for the appointment of a receiver with full power and authority to take and receive from the insurance company a sum sufficient in amount for the payment of the tax sale certificate, with interest and costs. This motion came on for hearing, and was denied.

From the order denying his motion, the plaintiff appealed to the Supreme Court.

*Ward & Ward for plaintiff.*
*Moore & Dunn and R. E. Whitehurst for defendants.*

CONNOR, J. There is no error in the order denying the motion of the plaintiff in this action.

The plaintiff had no title to or estate in the land described in the tax sale certificate, or in the buildings located on said land. He had merely a lien for the amount of the taxes levied on said land as the property of the defendants, for the year 1928. He had no rights under the policy of insurance issued to the defendants and in force at the date of the fire. He, therefore, has no claim to the proceeds of the fire insurance policy which was issued to the defendants. See *Byrd v. Ins. Co., ante,* 407. The order is

Affirmed.