J. S. ARMSTRONG v. JULIAN PRICE, TRUSTEE, AND JEFFERSON
STANDARD LIFE INSURANCE COMPANY.

(Filed 4 January, 1933.)

1. **Judgments G a—Judgment creditor has lien on lands of judgment debtor, but no interest in insurance policies on the property.**

    A judgment creditor has only a lien cn the lands of the judgment debtor which lien is subject to prior registered encumbrances, and where the judgment debtor has taken out policies of fire insurance on his property for the benefit of the mortgagee in a prior registered encumbrance, the judgment creditor has no right, title or interest in such policies or the proceeds thereof.

2. **Mortgages G a—Payment of insurance does not cancel mortgage when parties agree that proceeds should be used to rebuild property.**

    Where a mortgagor takes out a policy of fire insurance on his property in accordance with an agreement in the mortgage that insurance should be taken out on the property and assigned to the mortgagee, and that the proceeds thereof, in case of loss, should be used to pay the mortgage bond, and thereafter the property is destroyed by fire and the amount of loss paid by the insurance company by drafts payable to the mortgagee and mortgagor, and by agreement of the parties the proceeds of the policies are not used to pay off the bond secured by the mortgage, but are used in the erection of another building upon the land: *Held*, a judgment creditor of the mortgagor under a judgment docketed subsequent to the registration of the mortgage has no right, title or interest in the proceeds of the policies, and the prior mortgage remains outstanding under the agreement of the mortgagee and mortgagor, and is superior to the lien of the judgment, and a purchaser of the property at an execution sale under the judgment may not maintain that he is entitled to the cancellation of the mortgage as a cloud on his title.

APPEAL by plaintiff from *Harris, J.,* at July Special Term, 1932, of LINCOLN. Affirmed.

This is an action to have a deed of trust, dated 23 December, 1925, and executed by W. E. Grigg and others to the defendant, Julian Price, trustee, adjudged a cloud on the title of plaintiff to the land described in the complaint, and conveyed to the plaintiff by deed dated 31 July, 1931, and ordered canceled, on the ground that the bond secured by said deed of trust and payable to the defendant, Jefferson Standard Life Insurance Company, has been paid and satisfied, as alleged in the complaint.

The defendants in their answer deny that the bond secured in the deed of trust has been paid and satisfied. They allege that said bond is now owned by the defendant, Jefferson Standard Life Insurance Company, and that said defendant by virtue of the deed of trust executed

27—203

to the defendant, Julian Price, trustee, has a lien on the land described in the complaint, which is prior to any right, title or estate which the plaintiff may have acquired to said land by the deed dated 31 July, 1931.

At the close of all the evidence, the defendants renewed their motion for judgment as of nonsuit, which was first made at the close of the evidence for the plaintiff, and then denied. The motion was allowed, and plaintiff duly excepted.

From judgment dismissing the action, as of nonsuit, the plaintiff appealed to the Supreme Court.

*W. H. Childs* and *W. A. Dennis* for plaintiff.
*Brooks, Parker, Smith & Wharton, Kemp B. Nixon* and *A. L. Quickle* for defendants.

CONNOR, J. On 23 December, 1925, W. E. Grigg and his wife, Kenneth Grigg and his wife, and Harold Grigg executed a deed of trust by which they conveyed to Julian Price, trustee, the land described in the complaint, for the purpose, as recited in said deed of trust, of securing the payment of their bond in the sum of $12,000, of even date therewith, payable to the Jefferson Standard Life Insurance Company. The consideration for said bond was money loaned by the said Jefferson Standard Life Insurance Company to the said W. E. Grigg, Kenneth Grigg and Harold Grigg. The bond bears interest from its date at the rate of six per cent per annum, payable semiannually. The principal of the bond is payable in installments, on 23 June and 23 December, of each year, the last installment being due on 23 December, 1935. The deed of trust was duly registered in the office of the register of deeds of Lincoln County on 21 January, 1926.

The land conveyed by the deed of trust is situated in the town of Lincolnton, Lincoln County, North Carolina. At the date of the execution of the deed of trust, there was located on this land a three-story brick building, which was well known as the Grigg store building.

It is stipulated and agreed in the deed of trust, that the parties of the first part "will effect and keep in force with a fire insurance company approved by the party of the third part, such amount of insurance against loss by fire upon the premises herein described as will be satisfactory to the party of the third part; and will keep the policy or policies therefor constantly assigned and delivered to the party of the third part as further security for the indebtedness hereby secured, with the right and power in said party of the third part to demand, receive and collect any and all money becoming payable thereunder, and to

apply the same toward the payment of the indebtedness hereby secured, unless same is otherwise paid."

Pursuant to the foregoing stipulation, policies of insurance, in the aggregate amount of $10,000, insuring the three-story brick building located on the land described in the deed of trust, against damage or destruction by fire, were procured by W. E. Grigg, Kenneth Grigg and Harold Grigg, and duly assigned and delivered to the Jefferson Standard Life Insurance Company.

On 31 June, 1927, Harold Grigg conveyed all his right, title and interest in the land described in the deed of trust, to Kenneth Grigg, who thereby became the owner in fee simple of said land, subject to the life estate of W. E. Grigg.

On 16 September, 1929, a judgment in favor of J. W. Armstrong and against W. E. Grigg and Kenneth Grigg, for the sum of $2,748, was duly docketed in the office of the clerk of the Superior Court of Lincoln County.

On 2 March, 1930, the three-story brick building located on the land described in the deed of trust, and covered by the policies of insurance procured pursuant to the stipulation contained therein, was destroyed by fire, resulting in a total loss. At the date of the fire, the amount due on the bond secured by the deed of trust was $9,268, with interest from 23 December, 1929. The money due under the policies on insurance, to wit: $10,000, was paid by drafts, payable to the order of W. E. Grigg and Kenneth Grigg, and the Jefferson Standard Life Insurance Company. These drafts were duly endorsed, and paid by the insurance companies.

It was agreed by and between W. E. Grigg and Kenneth Grigg, and the Jefferson Standard Life Insurance Company that the money paid to cover the loss by fire on the three-story building, should not be applied to the payment of the bond, but should be expended by W. E. Grigg and Kenneth Grigg, under the supervision of the Jefferson Standard Life Insurance Company, in the erection of another brick building on the land described in the deed of trust. Pursuant to this agreement, the total amount of money collected from the fire insurance companies was expended in the erection of a two-story brick building on said land.

Sometime prior to 31 July, 1931, an execution was issued on the judgment in favor of J. W. Armstrong and against W. E. Grigg and Kenneth Grigg, which had been docketed in the office of the clerk of the Superior Court of Lincoln County on 16 September, 1929. Under this execution, the land described in the deed of trust from W. E. Grigg and others to Julian Price, trustee, was sold by the sheriff of Lincoln County, and on 31 July, 1931, all the right, title and interest of W. E. Grigg and

Kenneth Grigg in and to said land, was conveyed by the sheriff of Lincoln County to J. S. Armstrong, who was the last and highest bidder at the sale in the sum of $10.00.

On the foregoing facts, shown by all the evidence at the trial, the jury could not have found that the money collected from the insurance companies to cover the loss resulting from the destruction by fire of the three-story brick building, was, in fact, or should have been, as a matter of law, applied to the payment of the bond secured by the deed of trust executed by W. E. Grigg and others to Julian Price, trustee.

J. W. Armstrong, whose judgment against W. E. Grigg and Kenneth Grigg, was docketed subsequent to the registration of the deed of trust, had only a lien on the land conveyed by the deed of trust. This lien was subject to the provisions of the deed of trust. He had no right, title or interest in the policies of fire insurance, or in the proceeds of said policies. *Byrd v. Insurance Co.,* 201 N. C., 407, 610 S. E., 458; *Street v. Oil Co.,* 201 N. C., 410, 160 S. E., 460. Such proceeds, when collected from the fire insurance companies, were subject to the agreement entered into by and between W. E. Grigg and Kenneth Grigg, and the Jefferson Standard Life Insurance Company, that they should not be applied to the payment of the bond secured by the deed of trust, but should be expended in the construction of a new building to take the place of the building which had been destroyed by fire. Jones on Mortgages, 8th ed., Vol. 1, sec. 503.

The plaintiff, J. S. Armstrong, as purchaser of the land described in the complaint, at the sale by the sheriff of Lincoln County under an execution to satisfy the judgment, is not entitled to the relief sought by him in this action. There was no error in the judgment dismissing the action as of nonsuit. The judgment is

Affirmed.