**In re Gerald Blalock DENNY and Martha Grace Shotwell Denny, Debtors.**

No. 01–81440C–7D.

United States Bankruptcy Court, M.D. North Carolina, Durham Division.

Oct. 16, 2002.

Drew H. Davis, Oxford, NC, William J. Wolf, Durham, NC, for creditor.

William L. Yaeger, Durham, NC, for debtors.

John A. Northen, Chapel Hill, NC, for trustee.

## ORDER

WILLIAM L. STOCKS, Chief Judge.

This case came before the court on September 26, 2002, for hearing upon the Trustee's objection to a claim filed on behalf of Nelms Electric Service, Inc. William J. Wolf appeared on behalf of Nelms Electric Service, Inc. and Stephanie Osborne–Rogers appeared on behalf of the Trustee.

## MATTER BEFORE THE COURT

On November 29, 2001, a proof of claim was filed on behalf of Nelms Electric Service, Inc. ("Nelms") in the amount of $6,508.87. The claim was filed as a secured claim based upon a judgment that was entered against the Debtors in the District Court of Granville County on April 11, 1996. The Trustee's objection was filed on July 1, 2002. The Trustee asserts that the claim is a general unsecured claim and not a secured claim because there is no property in the estate that is subject to Nelms' judgment lien.

## FACTS

The male debtor owned a house and lot located in Oxford, North Carolina, when this case was filed on May 18, 2002 ("the Property"). On the petition date, the Property was subject to two deeds of trust and a number of judgment liens, including the Nelms judgment lien. The property was insured under a policy of fire insurance which was obtained by the male Debtor prior to filing this case. The policy was in full force and effect when this case was filed. The male Debtor is the named insured in the policy and the two banks secured by the deeds of trust on the Property are listed in the policy as loss payees. Neither Nelms nor any of the other judgment creditors are listed as insureds or loss payee in the policy. The policy specifically provides that "[b]ankruptcy or insolvency of an 'insured' will not relieve us of our obligation under this policy." The policy was not claimed as exempt property by the Debtors.

On July 13, 2001, the Trustee filed an application to abandon the Property on the grounds that there appeared to be no equity in the Property over and above the amounts of the liens on the Property and the exemption claimed by the male Debtor. An order was entered on August 8, 2001, granting the application to abandon. Thereafter, on October 9, 2001, the Property was heavily damaged by a fire. On November 15, 2001, a second fire occurred on the Property that completely destroyed the house located on the Property.

Following the fires, counsel for the two banks secured by the deeds of trust on the Property, the Trustee, the Debtor and the insurance company agreed as to how the proceeds of the insurance would be distributed. Pursuant to such agreement, the two banks were paid in full and the Trustee received $28,173.49 of proceeds for the destruction of the house and $43,468.24 of proceeds for destruction of personal property located in the house at the time of the fire. The Trustee continues to hold all of the insurance proceeds that he received from the insurance company.

## ANALYSIS

The issue presented in the matter before the court is whether Nelms has a secured claim in this case as a result of the judgment that it obtained against the Debtors in 1996. In order to have a secured claim, a creditor must have a lien upon property in which the bankruptcy estate has an interest. Does Nelms have a lien upon any of the property of the estate in this case? The court has concluded that this question must be answered in the negative and the Trustee's objection sustained.

█ It is not disputed that Nelms' judgment constituted a lien against the Property when this case was filed. In fact, the judgment still constitutes a lien against the Property. However, the Property no longer is property of the estate in this case because it was abandoned by the Trustee on August 8, 2001, when the order granting the Trustee's application to abandon was entered. It follows that Nelms is not a secured creditor merely because it's judgment lien remains affixed to the Property.

Recognizing that the lien against the Property cannot give rise to a secured claim in this case, Nelms argues that it has a lien against the insurance proceeds that the Trustee received as a result of the destruction of the house located on the Property. Since these proceeds are property of the estate and exceed the amount of his claim, Nelms argues that he has a fully secured claim. The court disagrees.

█ It is well settled that a policy of fire insurance owned by a debtor at the time that a bankruptcy case is filed becomes property of the bankruptcy estate pursuant to § 541(a) of the Bankruptcy Code. *See American Bankers Ins. Co. v. Maness,* 101 F.3d 358, 362 (4th Cir.1996). The policy of insurance is an asset that is separate from the real property insured under the policy, and abandonment of the real property does not constitute an abandonment of the policy. *See In re Wiesner,* 267 B.R. 32 (Bankr.D.Mass.2001). One of the arguments in the present case is that the proceeds from the policy should be regarded as replacing the insured property and that the lien therefore attached to the proceeds. Whether the proceeds from a prepetition fire insurance policy should be regarded as proceeds from the real property insured by the policy or as proceeds from the insurance contract is a matter that is determined under applicable state law. *See American Bankers Ins. Co. v. Maness,* 101 F.3d at 365–66. The state law that is applicable in the present case, involving property located in North Carolina, debtors who are residents of North Carolina, a policy of fire insurance issued in North Carolina and a bankruptcy case pending in North Carolina, is North Carolina law. Under North Carolina law, a policy of fire insurance is regarded as a personal contract and the proceeds payable when the insured property is destroyed are treated as flowing from the contract and not as taking the place of the real property or as constituting proceeds from the insured property. *See Forsyth County v. Plemmons,* 2 N.C.App. 373, 163 S.E.2d 97 (1968). Since the proceeds re-

ceived by the Trustee were proceeds from the insurance policy and not proceeds of the insured property, there is no basis for the argument that the lien on the Property transferred to the insurance proceeds, and such argument is rejected.

The final argument advanced on behalf of Nelms is that Nelms has an equitable lien on the insurance proceeds received by the Trustee. *In re Moore,* 54 B.R. 781 (Bankr.E.D.N.C.1985), the case relied upon in support of this argument, is readily distinguishable from the present case. In *Moore,* the debtors were parties to a promissory note, deed of trust and security agreement in which they expressly agreed to insure the collateral and to make the secured party a loss payee under the policy. The court held that the secured party was entitled to an equitable lien against the proceeds that were collected by the debtors when the collateral burned because the debtors had agreed to provide insurance for the benefit of the secured party. The opinion makes it clear that in the absence of such an agreement, a mortgagee or secured party has absolutely no right to insurance proceeds from insurance purchased by the debtor. Quoting from a North Carolina case, the court stated: "The mortgagee has no interest in the proceeds unless he is named in some way in the contract of insurance or in the mortgage as being entitled to the proceeds of the insurance, or unless the policy has been assigned to him, or the mortgagor has agreed with him that he is entitled to the proceeds, or the mortgagor agreed to procure the insurance for his benefit." *Id.* at 783.

■ Unlike the creditors in *Moore,* who obtained a voluntary, contractual security interest, Nelms obtained a non-consensual judgment lien. There is no contention that the Debtors ever agreed to provide insurance coverage for Nelms. In the ab-

sence of such an agreement, the fact that Nelms holds a judgment lien is not a sufficient basis for imposing an equitable lien. In fact, the rule in North Carolina is that a creditor who holds a judgment lien against property insured under a policy obtained by the judgment debtor has no interest in proceeds payable under the policy unless the judgment debtor is named in the policy. *See Armstrong v. Price,* 203 N.C. 833, 167 S.E. 77, 79 (1933)(judgment lien creditor "had no right, title, or interest in the policies of fire insurance, or in the proceeds of said policies."); *Byrd v. Pilot Fire Ins. Co.,* 201 N.C. 407, 160 S.E. 458, 459 (1931) ("One who has a mere lien only on the insured property has no claim to the insurance money realized by the insured in the event of the loss of the property, for a claim on the insurance money can arise only out of contract.").

Nelms also seems to take the position that the insurance proceeds should not have been paid to the Trustee in the first instance. In that regard, Nelms argues that the Trustee did not have an insurable interest at the time of the fire and that the policy should be regarded as a post-petition policy that belonged to the insured and was not property of the estate because the insured made a post-petition premium payment. Even if these arguments had merit, which is not the case, it is difficult to see how they could bear favorably on the question of whether Nelms has a secured claim. In fact, this matter does not involve the issue of who was entitled to receive the insurance proceeds when the Property was destroyed by fire. As reflected in the stipulations of fact, that issue was resolved when the Trustee, the Debtor, the insurance company and the mortgage holders agreed that the proceeds from the destruction of the Property should be paid to the Trustee after paying off the two mortgage holders. This agreement by all parties who had any interests

or rights under the insurance policy resulted in the proceeds being paid to the Trustee. It is stipulated that the Trustee has received and holds the proceeds payable under the insurance policy as a result of the destruction of the Property. Hence, the stipulations of fact establish that such proceeds are property of the estate in this case under § 541 of the Bankruptcy Code. For the reasons discussed above, those proceeds are not subject to a lien in favor of Nelms.

It is therefore ORDERED, ADJUDGED AND DECREED that the Trustee's objection to the claim of Nelms Electric Service, Inc. is sustained and such claim is hereby adjudged to be a non-priority, unsecured claim in this case.